IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINALD BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:10-CV-03111-BCW |
| | ) | |
| MARTY C. ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant Spencer's Motion For Summary Judgment (Doc. #71). This <u>Bivens</u> case stems from Plaintiff's confinement at the United States Medical Center for Federal Prisoners in Springfield, Missouri. Previously, all Defendants filed a Motion For Summary Judgment (Doc. #38), and the Court granted Defendants' Motion as to Plaintiff's claims against all Defendants except Defendant Spencer (Doc. #60). In granting Defendants' Motion, the Court dismissed all Defendants except Defendant Spencer. In his current Motion For Summary Judgment, Defendant Spencer argues he is entitled to summary judgment because Plaintiff has failed to demonstrate a violation of his Constitutional rights and Defendant Spencer is protected by qualified immunity.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

A motion for summary judgment must be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In applying that standard, the Court must "view the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party." <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1237 (8th Cir. 1997) (citation omitted). To oppose a motion

for summary judgment, the party bearing the burden of proof on a material issue must present sufficient evidence for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## DISCUSSION

Plaintiff claims Defendant Spencer subjected him to the use of excessive force in violation of the Eighth Amendment. Plaintiff's initial allegation against Defendant Spencer was vague, but he expounded upon that claim in his response to Defendants' initial Motion For Summary Judgment. See Doc. #45.

Defendant Spencer's Motion For Summary Judgment (Doc. #71) sets forth fifteen (15) undisputed facts, and Plaintiff does not properly controvert any of those facts in his opposition (Doc. #75). *Pro se* pleadings must be liberally construed. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). However, "[a]ll facts set forth in the statement of movant **shall** be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." Local Rule 56.1(a) (emphasis added). Further, a non-movant may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the non-movant's favor. Wilson v. Int'l Bus. Machines Corp., 62 F.3d 237, 241 (8th Cir. 1995) (citation omitted). Here, Plaintiff fails to point to any evidence demonstrating Defendant Spencer used excessive force against him in violation of the Eighth Amendment.

## CONCLUSION

Based upon the record, the parties' argument, and applying the standard set out in Jones v. Shields, 207 F.3d 491, 494-95 (8th Cir. 2000), the Court finds no genuine issue

- 2 -

as to any material fact remains as to Plaintiff's excessive force claim against Defendant Spencer. The Court being duly advised of the premises, and for good cause shown, grants Defendant Spencer's Motion. Accordingly, it is hereby

ORDERED Defendant Spencer's Motion For Summary Judgment (Doc. #71) is GRANTED. It is further

ORDERED this matter is hereby dismissed with prejudice.

IT IS SO ORDERED.

DATED: February 1, 2013

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

- 3 -

Case 6:10-cv-03111-BCW   Document 77   Filed 02/01/13   Page 3 of 3